# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**MICHAEL LEE WILLIS**,

    Petitioner,

v.                                                    Civil Action No. 7:13-CR-3 (HL)

**UNITED STATES OF AMERICA**,

    Respondent.

## ORDER

Before the Court is Petitioner Michael Lee Willis's Letter (Doc. 162), asking the Court to: (1) reconsider its Order adopting Judge Langstaff's Report & Recommendation ("R&R") and denying his Motion to Vacate under 28 U.S.C. § 2255; and (2) with respect to his sentence, reconsider granting him the low end of the guideline range and recommending the Residential Drug Assistance Program ("RDAP"). The Court construes Petitioner's Letter as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure and a motion for reconsideration of his sentence.

## I.    PROCEDURAL HISTORY

Petitioner was indicted in this Court on February 13, 2013. (Doc. 1). The Indictment charged him with one count of conspiracy to manufacture methamphetamine; one count of maintaining a drug-involved premises; one count of possession of equipment, chemicals, products, and materials used for

the manufacture of methamphetamine; one count of conspiracy to possess pseudoephedrine with knowledge or reason to know of its wrongful intended use under 21 U.S.C. § 846; one count of conspiracy to possess pseudoephedrine with knowledge or reason to know of its wrongful intended use under 21 U.S.C. § 841(c)(2); one count of unlawful purchase of pseudoephedrine; and one count of possession of a firearm in furtherance of a drug trafficking crime.

Appointed counsel, Rick Collum, represented Petitioner. (Doc. 31). On July 17, 2013, Petitioner pleaded guilty to Count One of the Indictment, conspiracy to manufacture methamphetamine. (Doc. 42, p. 10). He was sentenced to a total term of imprisonment of 108 months. (Docs. 84, 85). Petitioner filed a Waiver of Appeal. (Doc. 88).

On October 27, 2017, Petitioner filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 92). The Court dismissed all but two grounds enumerated in Petitioner's Motion to Vacate. (Doc. 116). Attorney Jared Westbroek was appointed to represent Petitioner. With the Court's permission, Mr. Westbroek amended Petitioner's Motion to Vacate. (Doc. 129). Following the amendment, an evidentiary hearing was held before Judge Langstaff on April 19, 2016 as to whether trial counsel rendered ineffective assistance in declining to call witnesses to testify on Petitioner's behalf at sentencing. (Doc. 145). On August 8, 2017, Judge Langstaff issued an R&R, recommending that Petitioner's Motion to Vacate be denied. Petitioner filed

objections, and the Court conducted a *de novo* review of the R&R. On January 12, 2017, the Court entered an order adopting Judge Langstaff's recommendation and denying Petitioner's Motion to Vacate. (Doc. 153).

Petitioner filed a Notice of Appeal as to the Court's ruling on January 26, 2017. (Doc. 155). The Eleventh Circuit Court of Appeals construed the Notice of Appeal as a motion for a certificate of appealability, and issued an Order denying the motion on June 6, 2017. (Doc. 161). On July 11, 2017, Petitioner filed this motion for reconsideration.

## II. ANALYSIS

### A. Motion for Reconsideration, Pursuant to Rule 60(b)

Petitioner asks the Court to reconsider its order adopting Judge Langstaff's R&R and denying his Motion to Vacate under 28 U.S.C. § 2255. Although Petitioner has not specified the basis for his request, the Court construes this as a motion to reconsider under Federal Rule of Civil Procedure 60(b).[1]

---

[1] A motion to reconsider is analyzed under either Federal Rule of Civil Procedure 59(e) or 60(b). A motion to reconsider pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Under Rule 60(b), however, a motion to reconsider "must be made within a reasonable time . . . after the entry of the judgment on the order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Judgment was entered denying Petitioner's Motion to Vacate on January 12, 2017. Petitioner's motion to reconsider was filed on July 11, 2017. Petitioner's motion is not timely under Rule 59(e), and the "court must not extend the time to act under Rule[ ] 59(e)." Fed. R. Civ. P. 6(b). Accordingly, the Court construes Petitioner's request as a motion to reconsider under Rule 60(b).

Fed. R. Civ. P. 60(b) allows a party to request relief from a final judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . ; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Petitioner requests that the Court read his *pro se* objections to the R&R, because "[he] truly believe[s] [he] stated cause for relief on numerous grounds, as well as submitted evidence to support those grounds denied." (Doc. 162, p. 2). The docket does not reflect that Petitioner filed *pro se* objections to the R&R. Rather, Mr. Westbroek filed objections on his behalf. (Doc. 152). The Court read and considered these objections in its *de novo* review of Judge Langstaff's R&R. Ultimately, Petitioner's objections were overruled, the R&R was adopted, and Petitioner's motion to vacate was denied. Petitioner has not shown that relief is warranted based on the existence of any of the factors enumerated in Rule 60(b). The Motion is, therefore, denied.

### B. Motion for Reconsideration of Sentence

Petitioner also requests that the Court reconsider his sentence. Specifically, Petitioner asks the Court to reconsider granting him the low end of the guideline range and to amend his sentence to allow him to participate in RDAP.

4

A district court does not have the inherent authority to modify an imposed prison sentence. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005). Under 18 U.S.C. § 3582(c), a court can only modify a defendant's term of imprisonment in three situations: (1) upon motion of the Director of the Bureau of Prisons for the reasons specified in 18 U.S.C. § 3582(c)(1)(A); (2) to the extent permitted by statute or Federal Rule of Criminal Procedure 35; or (3) when the Sentencing Commission has reduced the guideline range for the defendant's offense and made the reduction retroactive. 18 U.S.C. § 3582(c). There are two statutory exceptions to § 3582(c): (1) 28 U.S.C. § 2255, which authorizes a court to vacate, set aside, or correct the sentence of a prisoner whose sentence was imposed in violation of the Constitution or laws of the United States; and (2) 28 U.S.C. § 2106, which permits resentencing on remand from a court of appeals or the Supreme Court.

Here, none of the § 3582(c) situations exist, Petitioner's motion to vacate under § 2255 has been denied, and § 2106 is inapplicable. As a result, this Court is without authority to modify his sentence. Petitioner's motion is, accordingly, denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's request for relief under Rule 60(b) and reconsideration of his sentence is **DENIED**.

**SO ORDERED**, this the 9th day of August, 2017.

             */s/ Hugh Lawson*
             **HUGH LAWSON, SENIOR JUDGE**

les